UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| SEAN M. BERRY, ) | |
| ) | |
| Plaintiff, ) | No. SACV 12-2104 AJW |
| ) | |
| v. ) | |
| ) | |
| CAROLYN W. COLVIN[1], ) | MEMORANDUM AND ORDER |
| Acting Commissioner of Social Security, ) | Fed. R. Civ. P. 41(b) |
| ) | |
| Defendant. ) | |

**Proceedings**

On December 5, 2012, plaintiff, through his counsel of record, filed this action for judicial review. A Case Management Order ("CMO") was filed on December 6, 2012. The parties consented to proceed before the undersigned magistrate judge for all purposes.

On April 16, 2013, an order was filed granting plaintiff's counsel's motion to withdraw as attorney of record and extending the case management deadlines in the CMO. That order advised plaintiff that he is now proceeding pro se in this action and therefore is responsible for prosecuting this action in compliance with all applicable court orders and procedural rules. See C.D. Cal. Local R. 83-2.10.3 ("Compliance With Federal Rules. Any person appearing pro se will be required to comply with these Local Rules, and with the F.R.Civ.P., F.R.Crim.P., F.R.Evid.

---

[1] Carolyn W. Colvin is substituted for her predecessor in office, Michael J. Astrue. See Fed. R. Civ. P. 25(d).

<S>
<S>  and F.R.App.P."). Failure to do so may lead to dismissal of this action. See C.D. Cal. Local R. 83-2.10.4 (a pro se litigant's failure to comply with the local and federal rules may be ground for dismissal or judgment by default); see also Fed. R. Civ. P. 41(b) (authorizing dismissal of an action for failure to prosecute or to comply with the federal rules or a court order).

[Order filed Apr. 16, 2013]. Plaintiff was instructed on how to request substitution of counsel and was warned that "any request for substitution should be filed well in advance of any pending case management deadlines. Those deadlines will not be extended solely because plaintiff files a request for substitution of attorney or is proceeding without an attorney." [Order filed Apr. 16, 2013]. Plaintiff has not filed a request for substitution of counsel.

On August 5, 2013, defendant filed a "Notice of Non-Receipt of Plaintiff's Initial Portion of Joint Stipulation and Declaration" ("Notice and Declaration") stating that plaintiff did not provide his initial portion of the joint stipulation to defendant by the July 11, 2013 deadline. Defendant's Assistant Regional Counsel, Asim Modi, phoned plaintiff and his mother on July 16, 2013, but was unable to reach plaintiff by telephone or voice-mail. On July 18, 2013, Mr. Modi wrote plaintiff a letter inquiring about the status of plaintiff's initial portion of the joint stipulation and asking whether plaintiff wished to obtain an extension of the briefing schedule. Plaintiff's mother acknowledged receipt of the letter, but plaintiff did not respond to it, nor has plaintiff since provided his initial portion of the joint stipulation. [Notice and Declaration 2].

**Discussion**

A district court's authority to dismiss a litigant's action for failure to prosecute or to comply with court orders is well-established. See Fed. R. Civ. P. 41(b)[2]; Link v. Wabash R.R. Co., 370 U.S. 626, 629-

---

[2] Rule 41(b) states:

> Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

2

630 (1962); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 506 U.S. 915 (1992). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendar of the District Courts." Link, 370 U.S. at 629-630.

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, a district court should consider the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Prod. Liability Litig., 460 F.3d 1217, 1226-1228, 1234-1252 (9th Cir. 2006) (discussing and applying those factors). Regardless of whether a litigant's conduct is most properly characterized as a failure to prosecute or as a failure to comply with orders, the applicable standard is the same. See, e.g., Southwest Marine Inc. v. Danzig, 217 F.3d 1128, 1138 (9th Cir. 2000) (failure to prosecute), cert. denied, 523 U.S. 1007 (2001); Ferdik, 963 F.2d at 1260-1261 (failure to comply with orders).

The first factor—the public's interest in the expeditious resolution of litigation—"always favors dismissal." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), cert. denied, 538 U.S. 909 (2003); see In re PPA Prod. Liability Litig., 460 F.3d at 1234 ("[D]ismissal serves the public interest in expeditious resolution of litigation as well as the court's need to manage the docket when a plaintiff's noncompliance has caused the action to come to a halt, thereby allowing the plaintiff, rather than the court, to control the pace of the docket.").

The second factor—the court's need to manage its docket—also favors dismissal. Computer Task Group, Inc. v. Brotby, 364 F.3d 1112, 1115 (9th Cir. 2004) ("Where a court order is violated, the first and second factors will favor sanctions . . . ."); see Edwards v. Marin Park, Inc., 356 F.3d 1058, 1063-1066 (9th Cir. 2004) (noting that "resources continue to be consumed by a case sitting idly on the court's docket").

The third factor—prejudice to defendants or respondents—also weighs in favor of dismissal. In the absence of a showing to the contrary, prejudice to the defendants or respondents is presumed from

1 unreasonable delay. In re Eisen, 31 F.3d 1447, 1452-1453 (9th Cir. 1994) (citing Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976)).

The fourth factor—the availability of less drastic sanctions—also supports dismissal. Plaintiff was warned that his failure to prosecute this action in compliance with the applicable court orders and rules could result in dismissal, and that the case management deadlines would not be extended merely because he was proceeding pro se. After plaintiff failed to timely provide his initial portion fo the joint stipulation, defendants attempted to obtain his compliance informally, without success See In re PPA Prod. Liability Litig., 460 F.3d at 1229 (explaining that "[w]arning [the plaintiff] that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement."); Anderson, 542 F.2d at 525 ("There is no requirement that every single alternative remedy be examined by the court before the sanction of dismissal is appropriate. The reasonable exploration of possible and meaningful alternatives is all that is required.").

The fifth factor—the public policy favoring disposition of cases on their merits—weighs against dismissal, as it always does. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002) (citing Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998)), cert. denied, 538 U.S. 909 (2003). Despite the policy favoring disposition on the merits, however, it remains a litigant's responsibility to comply with orders issued by the court, "to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics." In re Eisen, 31 F.3d at 1454 (quoting Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991)). Plaintiff has not fulfilled that obligation.

The five-factor test is a disjunctive balancing test, so not all five factors must support dismissal. See Valley Eng'rs Inc. v. Electric Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998) (noting that the five-factor test "amounts to a way for a district judge to think about what to do, not a series of conditions precedent" to dismissal), cert. denied, 526 U.S. 1064 (1999); Hernandez, 138 F.3d at 399 (explaining that dismissal is appropriate when four factors support dismissal or where three factors "strongly" support dismissal).

Prior to dismissal on the court's own motion, however, a pro se plaintiff should be notified of the basis for dismissal and warned that dismissal is imminent. See Ferdik, 963 F.2d at 1262; West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990). That requirement has been met.

///

**Conclusion**

A court has discretion to dismiss an action under Rule 41(b) with or without prejudice. See Fed. R. Civ. P. 41(b); <u>Al-Torki v. Kaempen</u>, 78 F.3d 1381, 1385 (9th Cir. 1996). Considering all of the circumstances, this action is dismissed with prejudice.

**IT IS SO ORDERED.**

August 12, 2013

_____
ANDREW J. WISTRICH
United States Magistrate Judge